**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION**

| | |
|---|---|
| **ERR CONTENT IP, LLC,** | |
| **Plaintiff,** | **Civil Action No. 1:26-cv-02271** |
| **v.** | |
| **STARZ ENTERTAINMENT LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Err Content IP, LLC, ("ERR" or "Plaintiff"), files this First Amended Complaint for Patent Infringement against Starz Entertainment LLC ("Starz" or "Defendant"), and would respectfully show the Court as follows:

**PARTIES**

1.      Plaintiff is a Delaware corporation having an address located at 1475 S. Bascom Avenue, Suite 211, Campbell, California 95008.

2.      On information and belief, Defendant is a Delaware corporation with a regular and established place of business in this District, including at least at 530 Fifth Avenue, 5th Floor, New York, NY 10036.  Defendant is registered to do business in New York and may be served via its registered agent at, Sophia Walters, 359 Egmont Avenue, Mount Vernon, New York 10553, at its place of business or anywhere else it can be found.

3.      On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in

1

the United States, including in the Southern District of New York, and otherwise directs infringing activities to this District in connection with its products and services.

**JURISDICTION**

4.      This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5.      This United States District Court for the Southern District of New York has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of New York.

6.      Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of New York.

7.      Defendant has committed acts of infringing the patents-in-suit within this District and the State of New York by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of New York, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of New York. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of New York.

2

8.      This Court has personal jurisdiction over because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of New York and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within New York and this District.  This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Southern District of New York that Defendant knew would be used within this District, and by soliciting business from the residents of the Southern District of New York. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 530 Fifth Avenue, 5th Floor, New York, NY 10036, and directly and through agents regularly does, solicits, and transacts business in the Southern District of New York. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of New York.

9.      This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10.     The amount in controversy exceeds $75,000 exclusive of interests and costs.

11.     Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  Further, upon information

3

and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 530 Fifth Avenue, 5th Floor, New York, NY 10036.

**THE PATENT-IN-SUIT**

12. On July 21, 2020, United States Patent No. 10,721,542 ("the '542 Patent"), entitled "Bandwidth shaping client to capture, transform, cache, and upload images from a remote point of recordation to a network service" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '542 Patent claims patent-eligible subject matter and is valid and enforceable.  ERR is the exclusive owner by assignment of all rights, title, and interest in the '542 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '542 Patent. Defendant is not licensed to the '542 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '542 patent whatsoever. A true and correct copy of the '542 patent is attached hereto as **Exhibit A**.

13. The '542 Patent are referred to herein as the "Patent-in-suit."

14. Plaintiff ERR is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

**ACCUSED INSTRUMENTALITIES**

15. The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Defendant's discovery and discovery plus app and related systems (https://support.starz.com/en_us/how-do-i-cast-with-chromecast-rywMEWyo).

**COUNT I**
**PATENT INFRINGEMENT OF THE '542 PATENT**

4

16.     Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

17.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '542 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

18.     On information and belief, Defendant has made no attempt to design around the claims of the '542 Patent.

19.     On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '542 Patent were invalid.

20.     On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of New York, including in this District.

21.     ERR has been damaged as the result of Defendant's infringement.

22.     The claim chart attached hereto as **Exhibit B** describes how the elements of an exemplary claims 1 and 3 from the '542 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim.  Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

23.     Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., enhanced content distribution)

such as to cause infringement of one or more of claims 1-14 of the '542 patent, literally or under the doctrine of equivalents. (*See, e.g.,* ://support.starz.com/en_us/how-do-i-cast-with-chromecast-rywMEWyo) Moreover, Defendant has known of the '542 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

24.     Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., enhanced content distribution) and related services such as to cause infringement of one or more of claims 1-14 of the '542 patent, literally or under the doctrine of equivalents. (*See, e.g.*, ://support.starz.com/en_us/how-do-i-cast-with-chromecast-rywMEWyo) Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '542 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

## CONDITIONS PRECEDENT

25. Plaintiff has never sold a product.  Upon information and belief, Plaintiff predecessor-in-interest has never sold a product.  Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages.  Further, all conditions precedent to recovery are met.  Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

26.     Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

27.     To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

28.     The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

29.     For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

30.     Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing.  Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

31.     For any prior settlement, the settling defendant was not licensed to make and sell infringing products in the future, thus the marking statute imposes no obligation on PLAINTIFF to make an effort to require a prior settling defendant to mark the products PLAINTIFF had accused of infringing its patents.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the Patent-in-Suit;

b.    award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-suit in an amount no less than a reasonable royalty or lost

profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.    declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.    declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.    a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patent-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.    award Plaintiff such other and further relief as this Court deems just and proper.

DATED: March 19, 2026                  Respectfully submitted,

/s/ David J. Hoffman
David J. Hoffman
6576 Milestrip Road
Orchard Park, New York 14127
(917) 701-3117 (telephone)
djhoffman@djhoffmanlaw.com

**Attorneys for Err Content IP, LLC**

9